IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRANDY H.,[1]

      Plaintiff,

  v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 3:25-cv-93

Judge Michael J. Newman
Magistrate Judge Elizabeth P. Deavers

---

**ORDER: (1) OVERRULING PLAINTIFF'S STATEMENT OF ERRORS (Doc. No. 8); (2) AFFIRMING THE ALJ'S NON-DISABILITY DECISION; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff, Brandy H., brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Commissioner of Social Security's ("Commissioner") final decision denying her applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This matter is before the Court on Plaintiff's Statement of Errors (Doc. No. 8), the Commissioner's Memorandum in Opposition (Doc. No. 10), Plaintiff's Reply (Doc. No. 11), and the Administrative Record (Doc. No. 7). For the following reasons, the Courts **OVERRULES** Plaintiff's Statement of Errors and **AFFIRMS** the Commissioner's decision.

## I.     BACKGROUND

Plaintiff filed her DIB and SSI[2] applications on March 23, 2022, asserting she has been disabled since January 1, 2022 due to bipolar disorder and rheumatoid arthritis. (R. at 216–22,

---

[1] Pursuant to S.D. Ohio General Order 22-01, due to significant privacy concerns in Social Security cases, any opinion, order, judgment, or other disposition in these cases shall refer to Plaintiffs only by their first names and last initials.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are

223–32, 310.)    Plaintiff's applications were denied initially in October 2022 and upon reconsideration in February 2023.  (R. at 60–68, 80–88.)  Plaintiff sought a *de novo* hearing before an Administrative Law Judge ("ALJ").  (R. at 142–43.)

On November 7, 2023, ALJ Gregory G. Kenyon held an administrative hearing, during which Plaintiff, then represented by counsel, appeared and testified.  Doc. No. 7-2 at PageID 52-79.  A Vocational Expert ("VE") also appeared and testified.  *Id.*  On February 27, 2024, the ALJ issued a decision, finding Plaintiff not disabled within the meaning of the Social Security Act.  *Id.* at PageID 37-46.  On January 24, 2025, the Social Security Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.  *Id.* at PageID 23-25.  Plaintiff timely commenced the instant appeal.

## II.    RELEVANT RECORD EVIDENCE

The Court has carefully reviewed the record in this matter.  Instead of summarizing that information here, the Court will discuss it as necessary below.

## III.    ADMINISTRATIVE DECISION

The ALJ initially found Plaintiff met the Social Security Act's insured status requirements through September 30, 2023.  Doc. No. 7-2 at PageID 39.  Next, applying the Social Security Administration's five-step sequential evaluation procedure,[3] *id.* at PageID 38-46, the ALJ

---

identical…and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations.

[3] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step terminates the ALJ's review, *Colvin*, 475 F.3d at 730, if fully considered, the sequential review answers five questions:

1.    Is the claimant engaged in substantial gainful activity?;
2.    Does the claimant suffer from one or more severe impairments?;
3.    Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?;

concluded as follows: At Step One , the ALJ found Plaintiff "has not engaged in substantial gainful activity since January 1, 2022, the alleged onset date." *Id*. at PageID 39.  At Step Two, the ALJ determined Plaintiff has the severe impairments of "rheumatoid arthritis; obesity; a bipolar disorder; an anxiety disorder; post-traumatic stress disorder (PTSD); and a history of polysubstance abuse." *Id.*  At Step Three, the ALJ found concluded Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1." *Id.* at PageID 40.

Next, the ALJ assessed Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the [ALJ] finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: (1) occasional crouching, crawling, kneeling stooping, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, or scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no driving of automotive equipment; (5) simple, routine, repetitive 1–3 step tasks; (6) occasional superficial contact with co–workers and supervisors (superficial contact is defined as able to receive simple instruction, ask simple questions and receive performance appraisals but as unable to engage in more complex social interactions such as persuading other people or resolving interpersonal conflicts); (7) no public contact; (8) no fast paced work; (9) no strict production quotas; and (10) very little, if any, change in the job duties or the work routine from one day to the next.

*Id.* at PageID 41.  The ALJ then determined, at Step Four, that Plaintiff has no past relevant work. *Id.* at PageID 44.  At Step Five, relying on the VE's testimony, the ALJ concluded that Plaintiff can perform other jobs that exist in significant numbers in the national economy such as a hotel housekeeper, merchandise marker, or routing clerk.  *Id.* at PageID 44-46.[4]  The ALJ therefore

---

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?; and

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Hensley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects

3

concluded that Plaintiff was not disabled, *i.e.*, that she "has not been under a disability, as defined in the Social Security Act, from January 1, 2022[.]" *Id.* at PageID 45-46.

## IV.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision

---

weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [a plaintiff] of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V.     ANALYSIS

The Court concludes that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff contends the ALJ erred in evaluating her cane use.  Doc. No. 8 at PageID 1396. She contends, "[The ALJ] erroneously applied Social Security Ruling (SSR) 96-9p in finding that [her] cane use was not medically necessary." *Id.*  She also argues the ALJ "failed to provide any other reasoning for failing to incorporate [my] use of a cane into his RFC determination—instead substituting his lay judgment for the medical judgment of consultative physical examiner Devin Francillon, D.O." *Id.* at PageID 1399.

The Commissioner counters, "the ALJ properly determined that Plaintiff's [RFC] did not include a limitation for cane usage and supported this finding with a detailed consideration of the evidence, including highlighting several instances of normal gait."  Doc. No. 10 at PageID 1406. The Commissioner contends this detailed consideration reasonably supports the ALJ's decision to omit a cane-use limitation and therefore the ALJ's citation to Social Security Ruling ("SSR") 96-9p does not warrant remand.  *Id.* at PageID 1413.  Finally, the Commissioner argues the ALJ properly evaluated the medical opinions in the record and reasonably rejected the opinion of Dr. Francillon, while finding the prior administrative medical findings to be most persuasive. *Id.* at PageID 1410.

Plaintiff replies that a court must remand if there is a legal error regardless of whether there is substantial evidence to support the ALJ's decision.  Doc. No. 11 at PageID 1416-17.  Plaintiff

also argues that Exhibit 2F, which the ALJ frequently cites regarding Plaintiff's gait, "contains mostly mental health treatment and chemical rehabilitation notes by counselors, not physical assessments." *Id.* at 1418 (emphasis omitted).

After carefully reviewing the record, the Court finds the ALJ did not reversibly err in evaluating Plaintiff's cane use.

### A. Reference to SSR 96-9p Does Not Require Remand

The Court concludes that the ALJ's reference to SSR 96-9p does not constitute reversible error. The ALJ found, in the context of evaluating the persuasiveness of Dr. Francillon's opinion, "the evidence does not indicate that an assistive device is medically required pursuant to SSR 96-9p." Doc. No. 7-2 at PageID 43-44. Plaintiff argues the ALJ's reference to SSR 96-9p was reversible error because he contends that SSR 96-9p only applies when a claimant's RFC is less than a full range of sedentary work. Doc. No. 8 at PageID 1396–99. In support, Plaintiff relies on the language of the Ruling and non-binding case law.

The purpose of SSR 96-9p is "[t]o explain the Social Security Administration's policies regarding the impact of a Residual Functional Capacity assessment for less than a full range of sedentary work on an individual's ability to do other work." Social Security Ruling 96–9p, 1996 WL 374185 (Jul. 2, 1996). Under the heading "Exertional Limitations and Restrictions," SSR 96-9p provides:

> Medically required hand–held assistive device: To find that a hand–held assistive device is medically required, there must be medical documentation establishing the need for a hand–held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (*i.e.*, whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

*Id.*

While SSR 96-9p discusses the necessity of a hand-held assistive device in the context of an RFC to perform less than a full range of sedentary work, Plaintiff fails to provide binding

authority for her proposition that an ALJ cannot reply upon SSR 96-9p where he finds, as here, Plaintiff retains the RFC to perform more than sedentary work, *i.e.*, light work.  The Court finds no such authority in the Sixth Circuit.

However, assuming without holding that SSR 96-9p was inapplicable, the Court concludes the ALJ's reference to SSR 96-9p is harmless error.  *Rabbers*, 582 F.3d at 651 ("'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right'" (quoting *Bowen*, 478 F.3d at 746)); *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004) ("'an agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses'" (citing *Connor v. United States Civ. Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983))).  Plaintiff does not argue that the ALJ's reference to SSR 96-9p prejudices her on the merits or deprives her of a substantial right, and the Court finds neither prejudice nor deprivation.

**B.      Substantial Evidence Supports The ALJ's Exclusion of a Cane-Use Limitation**

The Court finds substantial evidence supports the ALJ's decision not to incorporate a cane-use limitation into Plaintiff's RFC.  Plaintiff's argument to the contrary is unavailing:  the ALJ provided reasoning and relied on substantial evidence beyond his finding that a cane not was not medically necessary pursuant to SSR 96-9p, and he did not substitute his judgment for that of Dr. Francillon.  To the contrary, the ALJ analyzed the medical evidence, medical opinions, and prior administrative medical findings relevant to Plaintiff's mobility and/or gait.  Doc. No 7-2 at PageID 43-44. The ALJ reasonably found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements

7

concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at PageID 43.

The ALJ acknowledged Plaintiff's rheumatoid arthritis, but noted (1) she has not required treatment, and (2) an X-ray showed only mild degenerative changes. *Id.* The ALJ compared Plaintiff's consultive examination results—showing that she had decreased strength and gait—with her regular treatment notes from August 2020 to March 2022, where she was not presenting for disability evaluation purposes, which consistently documents her gait as normal. *Id.* For example, the ALJ cites the treatment notes of Dr. Guenther, in which he indicated Plaintiff's gait is normal. *Id.* (citing to Exhibit 2F at R. 62, 282, 500). Finally, the ALJ noted Plaintiff had not sought treatment for physical pain. *Id.* at PageID 42.

Next, the ALJ carefully discussed the medical opinions and prior administrative findings, evaluating the persuasiveness of each. *Id.* at PageID 43-44. The ALJ found persuasive the findings of state agency physicians Drs. McKee and Bolz because their independent (and identical) conclusion—that Plaintiff can perform light work—was "most consistent with the overall evidence, including the bulk of the treatment notes, including more recent findings." *Id.* at PageID 44. Regarding the consultative examiner Dr. Francillon, the ALJ reasonably found his opinion unpersuasive because (1) Plaintiff had not sought treatment for pain or the antalgic gait and decreased lower extremity strength noted by Dr. Francillon; (2) the "bulk of the medical evidence shows normal gait and physical findings"; and (3) Dr. Francillon's "comment that the claimant would 'benefit' from the use of a cane is not supported." *Id.* PageID 43-44. The Court finds no error in the ALJ's evaluation of the evidence relating to the necessity of a cane-use limitation in Plaintiff's RFC outside his discussion of SSR 96-9p and concludes substantial evidence the ALJ's determination.

## VI.    CONCLUSION

In sum, from the review of the record as a whole, substantial evidence supports the ALJ's non-disability decision.   The Court thus **OVERRULES** Plaintiff's Statement of Errors and **AFFIRMS** the Commissioner's final decision.   The Clerk is **DIRECTED** to enter judgment in favor of the Commissioner.   This case is **TERMINATED ON THE DOCKET**.

**IT IS SO ORDERED**.

March 11, 2026                                                      s/*Michael J. Newman*
                                                                        Hon. Michael J. Newman
                                                                        United States District Judge

9